UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

IN RE:

DIPPIN' DOTS, INC.,                                  No. 11-51077
                                                                             Chapter 11
                             Debtor-in-Possession

## MOTION FOR AUTHORITY TO USE CASH COLLATERAL

Comes the Debtor, Dippin' Dots, Inc., (hereinafter referred to as "DDI") by and through counsel, and respectfully hereby moves the Court for entry of an Order Authorizing Use of Cash Collateral.

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§157(b)(2)(M) and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

2. Venue of this proceeding and this Motion is proper under 28 U.S.C. §§1408 and 1409.

3. The statutory bases for the relief requested herein are Sections 105, 361, 362 and 363 of Title 11 of the United States Bankruptcy Code, Rules 2002, 4001, 6003 and 9014 of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

4. By this Motion, the Debtor seeks entry of the Cash Collateral Order granting the following relief, without limitation:

    (a) authorizing the Debtor to use Cash Collateral pursuant to §§ 361 and 363 of the Bankruptcy Code;

(b) approving the form of adequate protection provided to the pre-petition lenders pursuant to §§ 361, 362, 363 and 363 of the Bankruptcy Code;

(c) scheduling a hearing, if necessary, on the Motion to consider entry of the Final Cash Collateral Order; and,

(d) granting related relief.

## BACKGROUND

5. The Debtor filed a petition for voluntary relief under Chapter 11 of the Bankruptcy Code on November 3, 2011 ("the Petition Date").

6. Since the Petition Date, the Debtor is operating its business and managing its affairs as a Debtor-in-Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

7. DDI has operated its business for over fifteen (15) years as a leading provider in the United States and abroad, of beaded ice cream and related novelty products.

8. The use of cash collateral by the Debtor is essential for the Debtor's continued operations. The Debtor intends to propose a Plan of Reorganization to continue its business operations. The Debtor cannot maximize the return to creditors or achieve a successful reorganization if its operations do not continue.

9. The use of cash collateral referred to herein will be necessary for the on-going operating expenses and administrative expenses of this bankruptcy estate.

10. Debtor has no alternative borrowing source and to remain in business, the Debtor must be permitted to use the cash proceeds described herein to pay general operating overhead and administrative expenses.

11. The Debtor's primary secured lender is Regions Bank.

12. Regions Bank holds a validly perfected security interest on inventory, accounts receivable, cash, furniture and fixtures, and other intangibles. As of the date of filing, Regions Bank is owed $11,100,000.00 collectively, on eight (8) different promissory notes.

13. Regions Bank is undersercured, but the use of cash collateral will not jeopardize or impair its security interest but will allow the Debtor to continue to conduct its business and maximize the value for both Regions and its unsecured creditors.

14. Section 363(c)(2)(A) of the Bankruptcy Code permits a debtor in possession to use cash collateral with the consent of the secured party. Section 363(e) of the Bankruptcy Code requires the debtor adequately protect the secured creditors' interest in property to be used by a debtor against any diminution in value of such interest resulting from the debtor's use of the property during the Chapter 11 case.

15. What constitutes sufficient adequate protection is decided on a case-by-case basis.

16. Pursuant to Bankruptcy Rule 6003, the Court may grant the relief requested in the Motion within twenty (20) days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm.

17. Without use of the Cash Collateral, the Debtors will have no ability to operate their businesses. The Debtor will not be able to pay its vendors, and its vendors will likely cease to provide goods and services to the Debtor on credit. The Debtor will be unable to fund its payroll, and unable to pay professionals necessary for the successful reorganization of its business. Finally, the Debtor will not be able to service its customers. All of these outcomes will cause immediate and irreparable harm to the Debtor's estate.

18. The Debtor, therefore, seeks immediate authority to use the cash collateral as set forth in the Motion and in the Interim Cash Collateral Order to prevent immediate and irreparable harm to the Debtor's estate pending the Final Hearing pursuant to Bankruptcy Rule 4001(c).

19. Accordingly, to the extent that the Debtors require the use of Cash Collateral, the Debtor submits that it has satisfied the requirements of Bankruptcy Rule 6003 to support immediate Cash Collateral availability.

### REQUEST FOR FINAL HEARING

20. Pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2), the Debtor requests that the Court set a date for the final hearing as soon as practicable, but in no event later that 45 days following the entry of the Interim Cash Collateral Order, and fix the time and date prior to the Final Hearing for parties to file objections to the Motion.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter an Order substantially in the form attached hereto as Exhibit "A" granting the relief requested herein and granting such other relief as the Court deems appropriate.

/s/ Todd A. Farmer
Todd A. Farmer
Farmer & Wright, PLLC
329 N. 5th Street
Paducah, KY  42002-7766
270-443-4431
Fax:  270-443-4631
todd@farmerwright.com

## NOTICE OF ELECTRONIC FILING
## AND CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Motion and tendered order filed and sent to those parties not receiving electronic notice.

/s/    Todd A. Farmer
Todd A. Farmer