# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

IN RE:

DIPPIN' DOTS, INC.

    Debtor

BANKRUPTCY NO. 11-51077

CHAPTER 11

## INTERIM ORDER ALLOWING USE OF CASH COLLATERAL

Dippin' Dots, Inc. ("Debtor") as Debtor and Debtor-in-Possession, having moved (the "Motion") the Court to obtain the relief set forth herein; the Court having conducted a status conference on this matter on November 7, 2011; the Court having scheduled an evidentiary hearing on the Motion for November 17, 2011 (the "Final Hearing"); Regions Bank ("Regions") having agreed to the terms of this Interim Order without waiving any ability to contest or dispute the Debtor's Motion;

A.    On November 3, 2011 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Kentucky (the "Case").

B.    Since the Petition Date, Debtor has operated as a debtor-in-possession under Sections 1107 and 1108 of the Bankruptcy Code. No committee of unsecured creditors has been appointed by the United States Trustee.

C.    Regions is the Debtor's senior secured pre-petition lender pursuant to the terms of the loans documents listed on <u>Exhibit 1</u> hereto (the "Loan Documents"). The outstanding indebtedness owing from the Debtor to the Regions as of the Petition Date is approximately $11 million (the "Pre-Petition Indebtedness").

D. Pursuant to the Loan Documents, the Pre-Petition Indebtedness is secured by blanket liens and mortgages (the "Pre-Petition Liens") in favor of Lender on all of the Debtor's assets, including (i) the real property located at and commonly known as 5101 Charter Oak Drive, Paducah, KY 42001 (the "Real Estate"); and (ii) all of the Debtor's right, title interest in and to all of its personal property, including, without limitation, all cash, the Debtor's inventory, equipment, instruments, documents, accounts and accounts receivable, chattel paper, deposit accounts, securities, contract rights, insurance claims, contracts, software, and all general intangibles, including trademarks and other intellectual property (the "Personalty"); and (iii) any proceeds, regardless of form, of the Real Estate or the Personalty (collectively, the "Collateral").

E. Pursuant to the Loan Documents, all of the Debtor's cash constitutes either Collateral or proceeds of Collateral, and therefore constitutes Region's "cash collateral" under Section 363(a) of the Bankruptcy Code. Further, any cash received by the Debtor after the Petition Date constitutes proceeds of Collateral, and therefore also constitutes Region's "cash collateral" under Section 363(a) of the Bankruptcy Code. Any cash in the possession of Debtor and any cash to be received by the Debtor after the Petition Date is defined herein as "Cash Collateral."

F. Debtor requires the use of Cash Collateral to pay the operating expenses of its business.

G. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Notice has been properly given under the circumstances.

The Court, having considered the Motion, the Interim Budget attached hereto as <u>Exhibit 2</u>, the statements of counsel and all other matters of record, finds as follows: The aforesaid

findings enumerated in Paragraphs A through G above are hereby incorporated into this Order as if fully set forth herein.

IT IS HEREBY ORDERED THAT:

1. For as long as Debtor is not in default under this Order, Debtor shall have the right to use the Cash Collateral only as set forth in this Order or pursuant to the Interim Budget, until 5:00 p.m. EST on November 17, 2011 ("Termination"). This authorization is retroactive to the Petition Date. In addition to the expenditures described in the Interim Budget, Debtor shall have authority to pay fees to the United States Trustee and Clerk of the Bankruptcy Court pursuant to Section 1930 of title 28 and Section 3717 of title 31 of the United States Code.

2. Unless and until this Court rules otherwise, Debtor many not pay salary, wages or any other monies to or for the benefit of any Insiders (as defined by Section 101(31) of the Bankruptcy Code) of the Debtor. This includes, but is not limited to, Curt Jones. Notwithstanding anything to the contrary herein, Debtor is authorized to reimburse Mr. Jones for actual and necessary travel expenditures incurred between the Petition Date and Termination that relate to the business of the Debtor.

3. Unless and until this Court rules otherwise, Debtor may not pay any monies to any proposed estate professionals, including, but not limited to, attorneys, accountants, expert witnesses, or financial consultants. To the extent any such payments have been made to date, the parties reserve all rights and arguments regarding same.

4. Debtor stipulates that Regions has a first priority security interest in the Cash Collateral. Pursuant to Sections 361, 363 and 552(b), to the extent Debtor utilizes such Cash Collateral, Regions is granted a valid, attached, choate, enforceable, pefected and continuing security interest in, and liens upon all post-petition assets of Debtor as the same character, type,

to the same nature, extent and validity as the perfected liens and encumbrances of Regions as attached pre-Petition (the "Post-Petition Collateral").

5. From the Petition Date until Termination, the Debtor's accounts at Branch Banking & Trust Company ("BB&T") that were frozen pursuant to that Notice of Exclusive Control issued by Regions on November 2, 2011 shall be unfrozen to permit the Debtor to comply with the terms of this Order. Neither this Order, nor any act of BB&T in complying with the terms of this Order shall operate to undo, avoid, or negatively affect the perfection of Regions' security interests in the cash maintained in the Debtor's BB&T accounts.

6. This Order is without prejudice to Regions' rights, including but not limited to its right to dispute at any time Debtor's use of the Cash Collateral, seek relief from the automatic stay or dismissal of the Case, or seek the appointment of a trustee. Entry of this Order is without prejudice to Regions' right to demand adequate protection, and nothing herein shall operate as an admission or concession that adequate protection has been, or can be provided, to warrant the continued use of Cash Collateral after Termination, or after the Final Hearing.

7. This Order constitutes an interim order. A final hearing on the Motion shall be held before the undersigned on **November 17, 2011 at 9:00 Central Standard Time at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001.**

8. By agreement, the date by which Regions shall file any objection to the Motion is extended until November 14, 2011.

9. Debtor shall account for all post-petition receipts and disbursements while this Order is in effect.

PREPARED AND PRESENTED BY::

/s/ *Brian H. Meldrum*
Brian H. Meldrum
STITES & HARBISON, PLLC
400 W. Market Street, Suite 1800
Louisville, Kentucky 40202
Telephone: (502) 681-0578
bmeldrum@stites.com

*Counsel for Regions Bank*

/s/ *Todd A. Farmer*
Todd A. Farmer
STOUT, FARMER & KING
329 North 5th Street
Paducah, Kentucky 42002
Telephone: (270) 443-4431
todd@sfk-law.com

*Counsel for Debtor*

Have Seen:

/s/ *Charles Merrill*
Charles Merrill
Counsel to United States Trustee
601 West Broadway, Suite 512
Louisville, Kentucky 40202

SO ORDERED:

_____
United States Bankruptcy Judge

# **CERTIFICATE OF SERVICE**

On November 8, 2011, a copy of the foregoing was filed via the Court's ECF system and simultaneously served electronically upon all those requesting electronic notice thereby.

/s/ *Brian H. Meldrum*
Brian H. Meldrum

RE206:00RE9:856833:1:LOUISVILLE