UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| IN RE: | BANKRUPTCY NO. 11-51077 |
| --- | --- |
| DIPPIN' DOTS, INC. | CHAPTER 11 |
| Debtor | |

**LIMITED OBJECTION OF REGIONS BANK TO DEBTOR'S MOTION FOR AN ORDER TO AUTHORIZE CONTINUED USE OF EXISTING BUSINESS FORMS AND RECORDS AND AUTHORIZING MAINTENANCE OF EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM**

Regions Bank ("Regions"), by counsel, interposes the following limited objection to the Debtor's Motion for an Order to Authorize Continued Use of Existing Business Forms and Records and Authorizing Maintenance of Existing Corporate Bank Accounts and Cash Management System (the "Motion").

Regions does not object to the Debtor's continued use of existing business forms or records or the continued use of its existing corporate bank accounts.[1] Regions asserts this limited objection to certain elements of the Motion relating to the Debtor's proposed continued use of its centralized cash management system.

The Motion does not detail or explain the mechanics of its current cash management system, and Regions submits that more explanation is required, particularly if the system entails intercompany debiting and crediting between the Debtor and non-debtors. Pre-petition, the Debtor had numerous intercompany transfers with tangentially affiliated non-debtors, including entities that are owned (in whole or in part) by the Debtor's principal shareholder Curt Jones, but not directly owned by the Debtor itself. *See* Exhibit 1 hereto.

---

[1] If the Debtor contends that any of its cash does not constitute Regions' cash collateral, however, Regions does not waive the requirement that Debtor segregate its cash collateral. *See* 11 U.S.C. § 363(c)(4).

1

At present, Regions objects to the continued extension of any intercompany credit *to* (or on behalf of) non-debtor affiliates or to post-petition intercompany borrowing *from* such non-debtor affiliates. Extension of credit to a non-debtor affiliate whose affiliation is only sister-level with the Debtor (i.e., Mr. Jones owns it too) would expose the Debtor to an unquantfied credit risk and would not appear to yield any value to the estate itself. Similarly, intercompany borrowing by the Debtor from a non-debtor affiliate may give rise to unanticipated administrative expenses and would circumvent the requirements of Section 364 of the Bankruptcy Code.

## CONCLUSION

WHEREFORE, Regions respectfully requests that the Court deny the Motion to the extent it would permit post-petition intercompany debiting or crediting between the Debtor, on the one-hand, and non-debtors on the other hand.

Respectfully submitted,

*/s/ Brian H. Meldrum*
Brian H. Meldrum
D. Cooper Robertson
STITES & HARBISON, PLLC
400 West Market Street
Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
Facsimile: (502) 779-8296

*COUNSEL FOR REGIONS BANK*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection was served on this 14th day of November, 2011 either via the ECF System, which will send an electronic notice of filing to counsel of record and all parties having filed a request for notice.

/s/ Brian H. Meldrum
Brian H. Meldrum

857627:1:LOUISVILLE